UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE G. GARFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01281-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 13) |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 8).

　　　　Plaintiff argues as follows:

　　　　1. The ALJ misapplied the doctrine of res judicata under *Chavez v. Bowen* and erroneously adopted the same prior RFC despite finding that Plaintiff's circumstances changed.

　　　　2. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints.

1

(ECF No. 13, p. 7). Having reviewed the record, administrative transcript, the briefs of the parties,[1] and the applicable law, the Court finds as follows:

# I. ANALYSIS

## A. Res Judicata

Plaintiff argues that the ALJ committed "harmful legal error" by assessing the same residual functional capacity (RFC) for Plaintiff that another ALJ assessed in a 2018 opinion denying Plaintiff disability benefits despite the ALJ in the instant case finding that Plaintiff had a new severe impairment of a lumbar disc tear at step two of the disability evaluation. (ECF No. 13, p. 8).

The challenged RFC is as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift or carry twenty pounds occasionally and ten pounds frequently. The claimant can push or pull within her lifting and carrying limitations. The claimant can stand and walk for six hours in an eight-hour workday, and she can sit for six hours in an eight-hour workday. The claimant cannot climb ladders, ropes, or scaffolds, and she should have no prolonged walking greater than thirty minutes at a time. The claimant should have the ability to rest every two hours for fifteen minutes following with the normal breaks, and the ability to stand and stretch every hour for about one minute. The claimant should not work around hazards, such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. The claimant can perform no extreme motions of the neck to one side or the other or up and down for a prolonged period. The claimant can perform noncomplex routine tasks in a static work environment. The claimant can have occasional contact with the public and she can perform occasional tasks that require teamwork.

(*Compare* A.R. 15 (above RFC) *with* A.R. 90 (2018 RFC finding same limitations)).

Plaintiff's argument is based on *Chavez v. Bowen*, which held that "[t]he principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Under that case, a ALJ's finding of nondisability is entitled to a "presumption of

---

[1] Plaintiff's reply was filed approximately two weeks after the deadline set under the Court's scheduling order. (ECF No. 16; *see* ECF No. 5, p. 2, providing fifteen days after Defendant's brief for Plaintiff to file the optional reply). Though untimely, the Court has considered the reply in rendering a decision.

continuing nondisability" in a later proceeding unless the claimant shows "'changed circumstances' indicating a greater disability." *Id.* "Changed circumstances [] include an increase in the severity of the claimant's impairment, the alleged existence of a new impairment, or a change in the criteria for determining disability." *Tallman v. Astrue*, No. 1:08CV01794 DLB, 2010 WL 395936, at *6 (E.D. Cal. Jan. 28, 2010) (citing Acquiescence Ruling (AR) 97-4(9)).

> Following the Ninth Circuit's ruling in *Chavez*, the Social Security Administration ("SSA") adopted SSR 97–4(9) to explain how the SSA will apply *Chavez* within the Ninth Circuit. The ruling applies "only to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled." SSR 97–4(9), 1997 WL 742758, at *3. The ruling directed adjudicators to follow a two-step inquiry. *Id.* First, adjudicators must apply a presumption of continuing non-disability. A "claimant may rebut this presumption by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period." *Id.* Second, if the claimant rebuts the presumption, adjudicators must give effect to certain findings "contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim," including the findings of a claimant's RFC, education, or work experience. *Id.* "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id.*

*Smith-Scruggs v. Astrue*, No. CV 09-4443-OP, 2010 WL 256546, at *2 (C.D. Cal. Jan. 21, 2010).

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). An ALJ's RFC assessment is based on the record as a whole. *See Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[B]ecause it is the ALJ's responsibility to formulate an RFC that is based on the record as a whole, . . . the RFC need not exactly match the opinion or findings of any particular medical source."). An ALJ's RFC determination will be upheld if "the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the ALJ found that, as "to the unadjudicated period," Plaintiff had rebutted "the presumption of continuing nondisability" and thus there was "no res judicata effect with respect to the non-adjudicated period because there [was] a showing of changed circumstances," namely, "a new diagnosis of a lumbar disc tear." (A.R. 10).

However, although the ALJ found that Plaintiff rebutted the presumption of nondisability, the ALJ was not required to make a finding of disability. Instead, the ALJ was required to independently evaluate the disability determination for the non-adjudicated period. Here, the ALJ proceeded to evaluate the evidence and determine the appropriate RFC. After independently evaluating the evidence, the ALJ concluded that "[a]lthough the record shows a new impairment of lumbar disc tear, the record remains consistent with the [prior] residual functional capacity." (A.R. 17, *see* A.R. 90, 119). The ALJ based the RFC determination on the record as a whole, including Plaintiff's medical records, which did not show the need for more restrictive limitations; the opinion of Dr. J. Linder, which recommended limitations consistent with the assessed RFC, and Plaintiff's demonstrated abilities, particularly, that she worked three hours a day as a playground supervisor. (A.R. 15-17).

Moreover, requiring the ALJ to find a more restrictive RFC based solely on Plaintiff's lumbar disc tear being a severe impairment would run counter to caselaw noting that a step-two finding does not control the RFC determination:

> Step two is merely a threshold determination meant to screen out weak claims. *Bowen v. Yuckert*, 482 U.S. 137, 146–47, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). The RFC therefore should be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Ultimately, the record reflects that the ALJ considered Plaintiff's lumbar disc tear but concluded that it did not warrant a more restrictive RFC than previously assessed. This decision was reached after the ALJ reviewed the record as a whole and assessed a RFC consistent with this

review. Thus, the fact that the RFC was ultimately the same as found in the prior disability opinion does not constitute legal error under *Chavez*.

### B. Subjective Complaints

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject her subjective complaints. (ECF No. 19, p. 14).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

As an initial matter, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the symptoms of the nature alleged by [Plaintiff]." (A.R. 15). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

The ALJ gave the following reasons for discounting Plaintiff's subjective complaints:

> The clamant alleges disability based on a plate in her neck, severe pain, migraines, high blood pressure, low back pain, right leg surgery, and right hand numbness. Ex. B2E/2. She testified to seeing spots in her eyes, muscle spasms in her back, and migraines at least once a week.
>
> . . . .
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with her work and the mild objective evidence as discussed below.

> The claimant has degenerative disc disease of the cervical spine, post-surgery. Her imaging shows a stable cervical fusion. Ex. B1F/6, 8; B2F/3. Additionally, she has a lumbar disc tear. Ex. B3F/12. These conditions have caused limitations consistent with the residual functional capacity assessment. Her cervical symptoms are worsened with postural activities. For instance, she has pain climbing onto the top bunk. Ex. B1F/4. She has pain with range of motion in both the cervical and lumbar spine. Ex. B1F/5; B3F/11, 19, 27; B4F/12. She has symptoms that are consistent with a general reduced physical ability. She has some reduced strength. Ex. B3F/27. Her gait is antalgic at times. Ex. B3F/11. Pain radiates into her legs. Ex. B3F/5, 11. Her weakness and limitations walking are consistent with the reduction to the light exertional level. Further, she has pain. Pain is confirmed by noted tenderness along her spine. Ex. B1F/5, 21, 31; B3F/11. Muscle spasms are also consistent with pain complaints. Ex. B1F/21, 31; B3F/5, 11, 19. Her pain complaints contribute to the limitation to the light exertional level and support mental limitations as noted in the prior hearing level decision.
>
> While the record continues to support the limitations, the record is consistent with the retained ability in the residual functional capacity assessment. The claimant's activities support a retained ability to perform light exertion. She works three hours a day as a playground supervisor at the light exertional level consistent with the residual functional capacity assessment. Hearing testimony. Her clinical presentation is consistent with the residual functional capacity assessment above. While her gait is antalgic at times, it is normal at other times. Ex. 3F/20. She remains able to heel and toe walk normally. Ex. B3F/11. Recent records indicate her range of motion is intact. Ex. B5F/11. Her clinical presentation and her activities support that she is able to perform tasks as described in the residual functional capacity assessment.

(A.R. 15-16).

As for the first reason cited by the ALJ, inconsistencies with the medical record and a lack of support from the medical record are sufficient bases to discount a Plaintiff's subjective testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (noting that conflicts between testimony and objective medical evidence was a basis to discount a plaintiff's credibility); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). As the ALJ noted, the medical record did not contain objective medical findings supporting limitations to the degree that Plaintiff alleged. Moreover, the examination findings in the medical records supported limitations consistent with the RFC.

For example, while Plaintiff's gait was at times antalgic, it was also normal at times. (A.R. 16 (citing A.R. 342, noting normal gait)). Moreover, Plaintiff was able to heel-and-toe walk normally and recent records indicating that her range of motion was intact. (A.R. 16 (citing A.R. 333, noting Plaintiff's ability to heel-and-toe walk normally); (citing 439, noting that Plaintiff had full range of motion in her extremities and musculoskeletal areas)).

Additionally, Plaintiff's ability to work three hours a day as a playground supervisor was a reasonable basis to discount her totally disabling allegations. *See Trout v. Halter*, 5 F. App'x 740, 741 (9th Cir. 2001) (unpublished) (noting that ALJ's reliance on Plaintiff's ability to work part-time was a clear and convincing reason, among others, to reject subjective symptom testimony). Lastly, elsewhere the ALJ noted that the opinion of Dr. Linder was persuasive as to Plaintiff's abilities, which as discussed above, assessed limitations inconsistent with total disability. (A.R. 16, 119).

The Court concludes that the ALJ provided legally sufficient reasons for not giving full weight to Plaintiff's subjective complaints.

## II. CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of Social Security is hereby affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __September 28, 2022__    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE